332

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Aurelio GALVAN–BETANCOURT,
Defendant—Appellant.**

No. 04–30031.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Leonie G.H. Grant, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Michael Filipovic, Esq., Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Aurelio Galvan–Betancourt appeals his guilty-plea conviction and concurrent sentences of 6 months and 21 months for two counts of unlawful entry in violation of 8 U.S.C. § 1325(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Galvan–Betancourt contends that the amended information did not expressly al-

lege count II as a subsequent (felony) offense to count I, meaning that he pled guilty to two misdemeanor counts and should have been sentenced to two consecutive terms of six months. Galvan–Betancourt did not raise this objection in district court, therefore any error is subject to plain error analysis. *See United States v. Leos–Maldonado*, 302 F.3d 1061, 1064 (9th Cir.2002) (noting that "review of an untimely objection to the sufficiency of the indictment is limited to the plain error test of Federal Rule of Criminal Procedure 52(b)") (citing *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)).

Even if the amended information was somehow deficient in pleading count II as a felony, any such deficiency does not rise to the level of plain error. *See Leos–Maldonado*, 302 F.3d at 1064 (stating that relief is not warranted under the plain error standard unless there has been error, which is plain, affects substantial rights, and seriously affects "the fairness, integrity, or public reputation of judicial proceedings").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.